**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 26, 2016

Keena J. Brown
2826 E. Monument St.
Baltimore, Maryland 21205

Amy C. Rigney
Social Security Administration
6401 Security Boulevard Room 617
Baltimore, MD 21235

      RE: *Keena J. Brown v. Commissioner, Social Security Administration*;
            Civil No. SAG-16-0074

Dear Ms. Brown and Counsel:

     On January 8, 2016, Plaintiff Keena J. Brown petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the Commissioner's Motion for Summary Judgment. (ECF No. 17). Ms. Brown, who appears *pro se*, has not filed a response.[1] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

     Ms. Brown filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on June 21, 2012. (Tr. 89, 96). She alleged a disability onset date of April 1, 2012. *Id*. Her claims were denied initially.[2] (Tr. 104-11). A hearing, at which Ms. Brown was represented by counsel, was held on June 3, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 40-88). Following the hearing, the ALJ determined that Ms. Brown was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 22-39). The Appeals Council ("AC") denied Ms. Brown's request for review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

---

[1] Ms. Brown did not file a Motion for Summary Judgment. After the Commissioner filed her Motion for Summary Judgment on July 19, 2016, a Rule 12/56 letter was mailed to Ms. Brown, advising her of the potential consequences of failure to oppose the Commissioner's motion. (ECF No. 18). Ms. Brown has not filed anything in response.

[2] Ms. Brown did not file a Motion for Reconsideration following the Commissioner's initial denial of her claims.

*Keena J. Brown v. Commissioner, Social Security Administration*
Civil No. SAG-16-0074
September 26, 2016
Page 2

The ALJ found that Ms. Brown suffered from the severe impairments of "major motor seizure disorder and bipolar affective disorder." (Tr. 27). Despite these impairments, the ALJ determined that Ms. Brown retained the residual functional capacity ("RFC") to:

> perform work at all exertional levels but with the following nonexertional limitations: she cannot work in extremes of temperature or humidity. She must not work at unprotected heights or around dangerous moving machinery. She is limited to simple routine repetitive tasks that do not entail the exercise of independent judgment. She requires a setting free of significant changes to the work process. She cannot maintain a piecework production rate pace. She cannot interact at all with the public, or more than incidentally with coworkers.

(Tr. 29). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Brown could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 34).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Ms. Brown's favor at step one and determined that she has not engaged in substantial gainful activity since her alleged onset date. (Tr. 27); *see* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Ms. Brown claimed prevented her from working. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). After finding at least one of Ms. Brown's impairments severe, (Tr. 27), the ALJ continued with the sequential evaluation and considered, in assessing Ms. Brown's RFC, the extent to which her impairments limited her ability to work.

At step three, the ALJ determined that Ms. Brown's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 27-29). The ALJ considered the specific requirements of Listing 12.04, which pertains to affective disorders. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.02, 1.04, 12.04, 12.06. In considering Listing 12.04, the ALJ applied the special technique for evaluation of mental impairments, and determined that Ms. Brown had "mild to, at most, moderate restriction" in activities of daily living, "moderate difficulties" in social functioning, and concentration, persistence or pace, and no episodes of

decompensation.[3] (Tr. 28). I have carefully reviewed the record, and I agree that no listings are met.

In considering Ms. Brown's RFC, the ALJ summarized her subjective complaints, including that (1) she "did not complete high school or obtain a GED, and that even when she was in school she had difficulty with attention[;]" (2) "she often is depressed and [] she has crying spells three or four times a week[;]" (3) "she had seizures but said that medication had been effective," though "she is more likely to have a seizure when under stress or if the temperature is too hot[;]" (4) "she has been diagnosed with bipolar disorder…[and] takes medication to control seizures and the symptoms of bipolar disorder[;]" and (5) "[s]he is living in a shelter with her children and other parents and children, but she prefers to keep to herself."[4] (Tr. 29). However, the ALJ determined that Ms. Brown's subjective complaints were not entirely credible, and cited objective medical evidence contradicting Ms. Brown's alleged limitations. The ALJ noted that Ms. Brown is able to care for her three children despite her financial difficulties, maintains good personal hygiene and grooming, cooks, and uses public transportation. (Tr. 28, 30). In addition, the ALJ found that despite taking medication to treat her symptoms, "[Ms. Brown] does not require especially high dosages and she has not needed frequent medication changes, facts tending to show that her condition is relatively stable." (Tr. 30).

Regarding Ms. Brown's seizure disorder, the ALJ noted that her allegations are "not credible because (1) medical documentation of such frequent seizure activity is lacking and (2) given the absence of adherence to a prescribed treatment plan, it is quite possible that every one of her seizures could have been prevented." (Tr. 31). Indeed, the ALJ found that "[t]here [was] no documentation of seizures occurring with anything approaching the alleged frequency of one or two a month[;]" "[i]n fact, the record contains solid documentation of only one seizure requiring medical attention, and that event occurred more than four years ago." (Tr. 31, 366-68). The ALJ also noted that Ms. Brown "has not required transport to an emergency room, and she has not been required to change her living arrangements[,]" nor is there "a single mention [in her medical records] that there might be a causal connection between stress and seizures for [her]." (Tr. 31). Moreover, the ALJ noted that Ms. Brown was "chronically noncompliant with her medication regimen even though medication is presumably available to her free of charge." (Tr. 30-31). Ultimately, the ALJ found that Ms. Brown's "assertions of disabling seizures–even of functionally significant seizures–therefore lack convincing medical proof." (Tr. 31).

---

[3] I note that the ALJ in this case found a moderate limitation in concentration, persistence, or pace, and expressly limited Ms. Brown to a setting without "a piecework production rate pace." (Tr. 29). This Court has held that such a limitation is adequate under the dictates of *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). *See Davis v. Comm'r, Soc. Sec. Admin.*, 2016 WL 3814929, at *2 (D. Md. July 12, 2016); *Raeke v. Comm'r, Soc. Sec.*, 2016 WL 892856, at *3 (D. Md. Mar. 9, 2016).

[4] The ALJ also summarized the testimony of Ms. Brown's mother, who largely corroborated Ms. Brown's testimony. (Tr. 29-30).

*Keena J. Brown v. Commissioner, Social Security Administration*
Civil No. SAG-16-0074
September 26, 2016
Page 4

Regarding Ms. Brown's mental impairments, the ALJ noted that "for all her reported symptoms [she] has done fairly well without need of inpatient treatment, intensive outpatient care such as partial hospitalization, or indeed any treatment other than standard psychotherapy and medication." (Tr. 32). Indeed, in multiple examinations between 2012 and 2014, Ms. Brown's examining physicians noted that "[s]he does not receive treatment for any anxiety-related disorder such as post-traumatic stress disorder or, as alleged at the hearing, obsessive-compulsive disorder," (Tr. 31-32), "[h]er mood and affect were within normal limits," (Tr. 32), her "[m]ental status examination showed her to be alert and attentive," *id.*, and "[s]he did not have delusions,…denied any psychotic symptoms such as hallucinations[,] [and] felt that the [medication] was helping her mood and irritability[,]" (Tr. 32-33). Although the ALJ acknowledged that a physician diagnosed Ms. Brown with depression and a number of attendant mental health issues in June 2013, the ALJ discredited the evidence because it was unsupported by objective clinical findings, lacked a treatment plan, and was contradicted by other record evidence. (Tr. 32). For example, the ALJ cited reports from Dr. Stagg that Ms. Brown's "difficulty with depression and…mood instability…responded promptly and favorably to medication, with no need for more than minor medication adjustments." *Id.* Furthermore, the ALJ found that Dr. Stagg's findings were consistent with findings by Ms. Brown's treating psychiatrist who rated her as having a Global Assessment of Functioning ("GAF") score "at and above 60, indicating only mild limitations and symptoms" in social and cognitive functioning. (Tr. 34). The ALJ again noted the absence of clinical evidence to support more severe mental impairments, and concluded that Ms. Brown "retain[ed] the capacity, despite her diagnosed mental disorder, to meet the demands of a simple job that does not expose her to production pressures or more than minimal interpersonal contacts." *Id.*

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Brown's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence.

Next, the ALJ determined that, pursuant to his RFC assessment, Ms. Brown was unable to perform her past relevant work as a cashier and fast food worker. (Tr. 34). Accordingly, the ALJ proceeded to step five, where he considered the impact of Ms. Brown's age and level of education on her ability to adjust to new work. *Id.* In doing so, the ALJ cited the VE's testimony that a person with Ms. Brown's RFC would be capable of performing the jobs of "clerical worker, packer, and inspector." *Id.* Based on the VE's testimony, the ALJ concluded that Ms. Brown was capable of successfully adjusting to other work that exists in significant numbers in the national economy.[5] *Id.* Accordingly, I find that the ALJ's determination was supported by substantial evidence.

---

[5] Although the ALJ accepted the VE's testimony "as probative evidence," he rejected the VE's conclusion that an individual like Ms. Brown was not consistent with gainful employment if "she had frequent seizures, or if her

*Keena J. Brown v. Commissioner, Social Security Administration*
Civil No. SAG-16-0074
September 26, 2016
Page 5

For the reasons set forth herein, Defendant's Motion for Summary Judgment (ECF No. 17) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

testimony regarding symptoms and limitations were held to be entirely credible." (Tr. 35). For the reasons noted above, the ALJ properly evaluated the VE's testimony.